UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-98 (ECT)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

YUE VANG,
A/K/A "YVANIME,"
A/K/A "MICKEY-RAWR"
A/K/A "ANIMEDORK69,"
A/K/A "ANIMEDORKTW,"
A/K/A "BOBO195,"
A/K/A "FUSHU2,"

      Defendant.

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Chelsea A. Walcker and Miranda E. Dugi, Assistant United States Attorneys, hereby moves the Court for an order protecting the distribution of personally identifying information ("PII") of victim(s) and witnesses, including minors, in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d). Counsel for the defendant confirmed that the defendant did not oppose the government's motion via email on May 25, 2022.

Defendant Vang was charged by Information with: Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and

(b)(2);, and Interstate Communications with Intent to Extort, in violation of 18 U.S.C. § 875(d).   The United States anticipates providing discovery via electronic means to Vang and his attorney in this case.   These materials are voluminous, and contain large quantities of PII (including names, telephone numbers, email addresses, home addresses, Social Security numbers, and dates of birth), and other sensitive information about extortion and sexual abuse of minor and adult victims of and witnesses to the offense. Redaction of these discovery materials would be impractical and unduly burdensome. Moreover, redaction of many items would impede the preparation of the defense because it would render them essentially unusable.   For example, redaction of the materials may make it impossible to discern which victim is being referred to in related reports or correspondence.

      The discovery materials described herein are covered by 18 U.S.C. §§ 3509(d)(1)(A)(i), (B)(i)-(iii), which states that all employees of the Government, employees of the Court, and the Defendant and his employees shall "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access."   In addition, all employees of the Government, employees of the Court, and the Defendant and his employees shall disclose documents that contain the name or information concerning a child "only to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. §§ 3509(d)(1)(A)(ii), (B)(i)-(iii).

Further, 18 U.S.C. § 3509(d)(3)(A) provides:

> On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

There is a significant possibility that a minor victim could suffer harm if that individual's personal information is freely disseminated. Unrestricted dissemination of this information could expose an individual to violations of his/her privacy rights, particularly given the sensitive nature of the subject of these materials. Dissemination of such information may also pose a risk of identity theft or similar harms. Such risks are compounded by the ease with which electronic information may be copied and disseminated. In an effort to avoid such harm, and mindful of its duties to protect sensitive victim and witness information of both minors and adults, the government submits the proposed protective order.

Therefore, the United States respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," that is, any material disclosed by the United States in connection with the above-captioned case containing:

a. the identity of victims and witnesses, and the identity of any new victim or witness who may be identified;

b. the personally identifying information of any victim or witness in this case, including telephone numbers, email addresses, residential addresses, Social

Security numbers, and dates of birth; and

c. medical information of any victim or witness in this case, whether currently in the possession of the United States, or medical records or medical data relating to the victim and witnesses that may be obtained by the United States as a part of the discovery process during the course of this litigation.

It is further requested that the Protective Order state:

a. Protected Material shall be held in strict confidentiality by Vang and defense counsel and may be used only for purposes of this litigation;

b. Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to Vang in this action, but that under no circumstances will copies be provided to Vang;

c. All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms;

d. Defense counsel may advise Vang of the contents of the Protected Material and review the Protected Material with Vang, without providing copies or allowing the copying or retention of any of any Protected Material, subject to the condition that Vang has read the Protective Order and that he understands and agrees to be bound by its terms;

e. If defense counsel brings the Protected Material to any detention facility,

the Protected Material must remain in defense counsel's possession and control at all times and may not be left with Vang, but must be removed by the defense counsel upon leaving the facility;

f. Any filings with the Court that contain Protected Material shall be filed under seal and handled consistent with 18 U.S.C. § 3509(d)(2) and Federal Rule of Criminal Procedure 49.1;

g. Any documents or other materials containing the Protected Material, and all copies of them, must be returned to the Government or destroyed within five days of the conclusion of this litigation; and

h. Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.

Dated: May 26, 2022

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Chelsea A. Walcker*
BY:   Chelsea A. Walcker (MN: 0396792)
Miranda E. Dugi (NY: 5140546)
Assistant U.S. Attorneys