UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-98 (ECT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

YUE VANG,
A/K/A "YVANIME,"
A/K/A "MICKEY-RAWR"
A/K/A "ANIMEDORK69,"
A/K/A "ANIMEDORKTW,"
A/K/A "BOBO195,"
A/K/A "FUSHU2,"

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant YUE VANG (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Counts 1–4 of the Information. Counts 1 and 2 charge the defendant with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Count 3 charges the defendant with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Count 4 charges the defendant with Interstate Communications with Intent to Extort, in violation of 18 U.S.C. § 875(d). The

1

defendant fully understands the nature and elements of the crimes with which he has been charged. In exchange for the defendant's guilty plea to Counts 1–4 of the Information, the United States agrees not to charge the defendant with additional counts of the offenses described above, or transportation, receipt, or distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and (b)(1), known to the U.S. Attorney's Office at the time of the entry of this plea agreement.

2. **Detention**. The defendant understands that detention is mandated by statute and that he may be remanded to the custody of the U.S. Marshals Service upon entry of his guilty plea in this case. 18 U.S.C. § 3143. Nonetheless, the defendant reserves the right to present information to the Court at his plea hearing that he believes may support a finding in favor of his release.

3. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Counts 1–4 of the Information. In pleading guilty, the defendant agrees that the allegations in the Information, incorporated herein by reference, and the following summary, fairly and accurately set forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant further agrees that these facts, and those set forth with respect to stipulated victims in this paragraph and the paragraph below, are true, could be established beyond a reasonable doubt, and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

    a. At all relevant times, the defendant resided in the State and District of Minnesota.

    b. *The Sextortion Scheme*

        i. Beginning on a date unknown, at least as early as 2015,

  through on or about September 30, 2020, the defendant engaged in an ongoing scheme to use the internet to engage in sextortion—extorting sexually explicit images and videos from a victim by adopting false female personae of minor girls, and threatening to disseminate sexually explicit images and videos of his victims. During the course of his scheme, the defendant sextorted more than 500 identified minor girls whom he knew to be or believed were under the age of 18 years old. To date, the United States has identified at least 300 more as-yet unidentified victims of the defendant's scheme.

ii. The defendant used multiple social media and chat platforms, including Snapchat, Facebook, Instagram, Yubo, Kik, and Skype, as well as text messages, to engage his victims in conversation. The defendant knew many of the minor girls' ages because their ages were posted on their social media profiles or because the girls told the defendant their ages. The defendant knew that many of the minor girls were under 16 years of age.

iii. The defendant used multiple personae and usernames to hide his true identity on these platforms. At no point during his scheme did the defendant disclose to these children that he was an adult man rather than the young female persona he used in his communications. He also used these personae and usernames to continue using social media services after his accounts were closed for violating terms of service. Among the names the defendant used in the course of the offenses were the names of real minor victims.

iv. The purpose of these communications was to produce and obtain child pornography. The defendant used multiple techniques to attempt to and to obtain child pornography from minor girls. In some instances, the defendant persuaded, induced, and enticed girls into creating child pornography images of themselves for him through compliments and expressions of affection. He also coerced them into producing child pornography by threatening retribution if they did not comply with his demands. In many instances, the defendant threatened to and did disseminate sexually explicit images of the girls to their friends, family, and classmates if the girls refused to provide him with child pornography images.

3

    v. The defendant directed minor victims to produce particular types of sexually explicit images and videos for him. For example, on multiple occasions, the defendant admits he directed multiple minor victims to penetrate their vaginas using a hairbrush. The defendant agrees that this and other conduct he engaged in constitutes sadistic and masochistic conduct.

    vi. The defendant also extorted minor victims to assist him in obtaining child pornography from other minor victims. For example, he would threaten to disseminate child pornography files depicting a real minor victim unless that victim assisted him in contacting other minors on the internet, including via Skype video chat. The presence of another minor girl was meant to reassure and persuade the minor victims into producing child pornography for the defendant. The defendant did this on multiple occasions, using Minor E repeatedly to assist him in his attempts to obtain child pornography from other minor victims between in and around June 2016 and in and around August 2016.

    vii. The defendant conducted his communications through multiple means, including use of the internet in interstate commerce and use of materials that had been mailed, shipped, and transported in interstate and foreign commerce, including via cell phone.

    viii. The defendant collected more than 1,000 child pornography images and videos on his electronic devices that depicted minors between the approximate ages of 12 and 17 engaged in sexually explicit conduct.

c. *Counts 1-4 and Additional Stipulated Conduct*

    i. *Count 1 and Minor A.* On March 14, 2016, the defendant, using the false persona of a minor girl, employed, persuaded, induced, enticed, and coerced Minor A, a 13-year-old girl, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Using a false persona of a real minor victim, the defendant instructed Minor A to photograph herself naked, including her genitalia. The defendant directed Minor A to send such visual depictions, including the visual depiction as described in

4

       Count 1, with filename "5053f120-340b-4d96-904b-28b03a2a3a11," to him via the internet.

  ii. *Count 2 and Minor B.* On June 23, 2016, the defendant, using the false persona of a minor girl, employed, persuaded, induced, enticed, and coerced Minor B, a 16-year-old girl, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Using a false persona of a real minor victim, the defendant instructed Minor B to photograph herself naked, including her genitalia. The defendant directed Minor B to send such visual depictions, including the visual depiction as described in Count 2, with filename "ceb736eb-46bd-4d36-9a7e-eea90c8737b5," to him via the internet.

  iii. *Count 3 and Minor C.* On December 3, 2017, the defendant knowingly possessed files containing visual depictions that had been transported using a means and facility of interstate commerce, including by cellular phone, and in and affecting interstate commerce, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct. These depictions include but are not limited to a video with filename "91c8a0b4-498e-46d8-b90e-5556de8c494f.mp4," that is approximately two minutes in duration and depicts Minor C, a 16-year-old girl, posing naked and masturbating, as described in Count 3.

  iv. *Count 4 and Minor D.* On June 3, 2016, the defendant used Skype to knowingly send communications demanding child pornography of Minor D, a 15-year-old girl. In these communications, he also threatened to disseminate nude images of Minor D, knowing Minor D would view this as a true threat and in a manner a reasonable person would view as a true threat to cause injury to Minor D. As a result of his threats, Minor D produced visual depictions of herself posing in her bra and underwear and masturbating to the defendant via Skype video chat. This conduct was in violation of 18 U.S.C. §§ 875(d) and 2251(a).

4. **Stipulations regarding Additional Offenses.** The defendant agrees that the Information does not fully encompass the extent of his criminal conduct. The

5

defendant also agrees that he is culpable for similar conduct as that described in the Information involving victims other than the minors described in the Information, including but not limited to the more than 800 victims currently known to the United States. Pursuant to U.S. Sentencing Guidelines § 1B1.2(c), the defendant stipulates to the facts described in the Information, in the factual basis section above, and in this paragraph. He further understands and agrees that the conduct involving victims other than those identified in the Information and factual basis above shall be treated as separate counts of conviction and may therefore result in an increase in the applicable offense level under the U.S. Sentencing Guidelines beyond the parties' stipulations described below. The defendant acknowledges that given the conduct described in the Information and factual basis herein, as well as the number of victims involved in the offense not described herein, that the applicable offense level will exceed the maximum of 43. The defendant further acknowledges that the United States and the Court have an obligation to accurately calculate the applicable guideline range, and that it shall not be a breach of this agreement for the United States to advocate for an applicable offense level based on conduct involving additional victims not identified in the Information or factual basis above. Further, the defendant understands and agrees that he will not be permitted to withdraw from the plea agreement if such stipulations or the identification of additional victims results in a higher applicable offense level or guideline range. Such conduct may also impact the factors considered in fashioning an appropriate sentence under 18 U.S.C. § 3553(a).

5. **Waiver of Indictment and Duplicity**. The defendant agrees to waive indictment by a grand jury on the charges, and to consent to the filing of a criminal Information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on the offenses. The defendant further waives any right to challenge the Information on duplicity grounds.

6. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file and litigate any additional pre-trial motions in this case.

7. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The

defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

8. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

9. **Statutory Penalties**.

    a. The defendant understands that **Count 1 and 2** of the Information (Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e)) are felony offenses that each carry the following statutory penalties:

        i. a mandatory minimum of 15 years' imprisonment;

        ii. a maximum of 30 years' imprisonment;

        iii. a supervised release term of at least 5 years up to a maximum supervised release term of life;

        iv. a fine of up to $250,000;

        v. mandatory restitution in an amount to be determined;

        vi. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

        vii. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

        viii. payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

        ix. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

b. The defendant understands that **Count 3** of the Information (Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2)) is a felony offense that carries the following statutory penalties:

　　i. a maximum of 10 years' imprisonment;

　　ii. a supervised release term of at least 5 years up to a maximum supervised release term of life;

　　iii. a fine of up to $250,000;

　　iv. mandatory restitution in an amount to be determined;

　　v. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

　　vi. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

　　vii. a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

　　viii. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

c. The defendant understands that **Count 4** of the Information (Interstate Communications with Intent to Extort, in violation of 18 U.S.C. § 875(d)) is a felony offense that carries the following statutory penalties:

　　i. a maximum of 2 years' imprisonment;

　　ii. a maximum supervised release term of 1 year;

　　iii. a fine of up to $250,000;

　　iv. mandatory restitution in an amount to be determined;

　　v. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

   vi.  a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

   vii.  the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

  d. The defendant further understands that the following **combined** statutory penalties for **Counts 1, 2, 3, and 4** apply:

   i.  a mandatory minimum of 30 years' imprisonment;

   ii.  a maximum term of 72 years' imprisonment;

   iii.  a maximum term of lifetime supervised release;

   iv.  a fine of up to $1,000,000;

   v.  mandatory restitution in an amount to be determined;

   vi.  assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

   vii.  a mandatory special assessment of $400 under 18 U.S.C. § 3013(a)(2)(A);

   viii.  a mandatory payment of $15,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

   ix.  the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

10. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

11.  **Guidelines Calculations**.  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*.  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations.  The parties stipulate to the following guidelines calculations:

    a.    Because they are separate victims and constitute separate harms incurred at different times, the government believes that grouping is inappropriate and that the guidelines applicable to each offense are to be calculated separately. (U.S.S.G. §§ 2B3.2, 2B3.3, 2G2.1(d), and 3D1.2(d)).  The defendant reserves the right to argue in favor of grouping offenses at sentencing.

    b.    The parties agree that the following Chapter 2 provisions apply:

        i.    **Production of Child Pornography (Counts 1–2):**

            1) <u>Base Offense Level</u>.  The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is <u>32</u>. (U.S.S.G. § 2G2.1(a)).

            2) <u>Specific Offense Characteristics</u>.  The parties agree to the following provisions:

                a.  <u>2</u> levels because the offense involved a victim between the ages of 12 and 16 years. (U.S.S.G. § 2G2.1(b)(1)(B)).

                b.  <u>2</u> levels because the offense involved the commission of a sexual act. (U.S.S.G. § 2G2.1(b)(2)).

                c.  <u>2</u> levels because the defendant knowingly engaged in distribution. (U.S.S.G. § 2G2.1(b)(3)).

      d. The government believes that <u>4</u> levels may apply because the material involved sadistic and masochistic conduct or depictions of infants and toddlers. (U.S.S.G. § 2G2.1(b)(4)). The defendant reserves the right to contest the application of this upward adjustment at sentencing.

      e. <u>2</u> levels because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct or use of a computer or an interactive computer service to persuade, induce, entice, coerce . . . a minor to engage in sexually explicit conduct. (U.S.S.G. §§ 2G2.1(b)(6)).

      f. The government believes that <u>2</u> levels may apply because the defendant used a minor to commit the offense. (U.S.S.G. § 3B1.4). The defendant reserves the right to contest the application of this upward adjustment at sentencing.

3) <u>Total Offense Level</u>. According to the foregoing, the offense level would be as low as 40 if the defendant's anticipated arguments prevailed, or as high as 46 if the government's anticipated arguments prevailed.

ii. **<u>Possession of Child Pornography (Count 3):</u>**

1) <u>Base Offense Level</u>. The parties agree that the base offense level for possession of child pornography is <u>18</u>. (U.S.S.G. § 2G2.2(a)(1)).

2) <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply:

      a. The government believes that <u>6</u> levels may apply because the offense involved

      distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity. (U.S.S.G. § 2G2.2(b)(3)(D)). The defendant reserves the right to contest the application of this upward adjustment at sentencing.

    b. The government believes that <u>4</u> levels may apply because the material involved sadistic and masochistic conduct or depictions of infants and toddlers. (U.S.S.G. § 2G2.1(b)(4)). The defendant reserves the right to contest the application of this upward adjustment at sentencing.

    c. <u>5</u> levels because the offense involved a pattern of activity involving sexual abuse or exploitation of minors. (U.S.S.G. § 2G2.2(b)(5)).

    d. <u>2</u> levels because the offense involved the use of a computer and an interactive computer service. (U.S.S.G. § 2G2.2(b)(6)).

    e. <u>5</u> levels because the offense involved more than 600 images. (U.S.S.G. § 2G2.2(b)(7)(D)).

3) <u>Total Offense Level</u>. The parties agree that the offense included the circumstances required for the cross reference outlined in U.S.S.G. § 2G2.2(c) to apply. According to the foregoing, the offense level would be as low as 36 if the defendant's anticipated arguments prevailed, or as high as 46 if the government's anticipated arguments prevailed.

iii. **<u>Interstate Communications with Intent to Extort (Count 4)</u>**

    1) <u>Base Offense Level</u>. The parties agree that the base offense level for extortion is <u>9</u>. (U.S.S.G. § 2B3.3(a)).

    2) <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.

13

        3) **Total Offense Level**. The parties agree that the total offense level is 9.

  c.   **Chapter 3 Adjustments**. The parties agree that the following Chapter 3 provisions apply:

      i.   **Determining the Combined Offense Level.** The parties agree that an upward adjustment applies pursuant to the guidelines related to multiple counts of conviction. (U.S.S.G. §§ 3D1.2(d) and 3D1.4). The parties agree that if the government's arguments prevail, at least 3 units may apply. As a result, the parties agree that the combined offense level may be at least 46.

      ii.   **Acceptance of Responsibility**. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant move to withdraw his guilty plea after it is entered.

  d.   **Repeat and Dangerous Sex Offender against Minors**. The parties agree that a 5-level upward adjustment applies because the instant offense includes a covered sex crime, neither U.S.S.G. §§ 4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a

    pattern of activity involving prohibited sexual conduct. (U.S.S.G. § 4B1.5(b)(1)).

  e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category <u>I</u>. (U.S.S.G. § 4A1.1). This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this plea agreement. (U.S.S.G. § 4A1.1.)

  f. <u>Guidelines Range</u>. If the government's anticipated arguments at sentencing prevail, and the adjusted offense level is <u>43</u> (by operation of the guidelines) and the criminal history category is <u>I</u>, the Sentencing Guidelines recommend a term of life imprisonment. The Guidelines range is adjusted to the statutory maximum term of imprisonment of <u>72</u> years.

  g. <u>Fine Range</u>. Based on the Sentencing Guidelines calculations above, the fine range is $50,000 to $500,000. (U.S.S.G. § 5E1.2(c)).

  h. <u>Supervised Release</u>. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed. (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)). The parties agree to recommend a life term of supervised release.

12. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history

category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

13. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

14. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, for a total of $400, pursuant to Guideline § 5E1.3. The defendant also agrees to pay special assessments of $5,000 to the Domestic Trafficking Victims' Fund for a total of $15,000 for Counts 1, 2, and 3 of the Information. The defendant agrees that these assessments all become due and payable upon sentencing.

15. **Restitution Agreement.** The defendant understands and agrees that 18 U.S.C. § 2259, 18 U.S.C. § 3663(a)(3), and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to the victims of the defendant's offenses. Additionally, pursuant

to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by the National Center for Missing and Exploited Children (NCMEC). The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant agrees to enter a stipulation prior to sentencing to restitution regarding victims who have requested restitution by that date. Absent an agreement with counsel for the victim(s) and the government that he will pay a greater amount, the defendant agrees to pay at least $3,000, in restitution to each of the victims who request restitution in his case. The defendant acknowledges and agrees that a greater amount may be appropriate, particularly for victims of production of child pornography. Additionally, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or included in the counts of conviction.

16. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered

by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

17. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to the property identified in the Information and any other electronic devices identified as containing child erotica or child pornography currently in the government's possession.

The defendant agrees that these items are subject to forfeiture because they were used to commit Counts 1–3 of the Information. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable

property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant further agrees to forfeit to the United States, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 875(d).

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

18. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Notwithstanding the foregoing waivers, the defendant reserves the right to appeal the substantive reasonableness of a sentence greater than 540 months' imprisonment.

19. **Sex Offender Registration.** The defendant understands that by pleading guilty, the defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

20. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

21. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 6/2/22

BY: MIRANDA E. DUGI
CHELSEA A. WALCKER
Assistant United States Attorneys

Date: 6-2-22

YUE VANG
Defendant

Date: 6-2-22

JOHN ARECHIGO
Counsel for Defendant

20